IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**<br>1156 15th Street NW, Suite 1020<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br>v.<br><br>**OFFICE OF THE ATTORNEY GENERAL**<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>**OFFICE OF THE DEPUTY ATTORNEY GENERAL**<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>**OFFICE OF LEGISLATIVE AFFAIRS**<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>**OFFICE OF PUBLIC AFFAIRS**<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>**OFFICE OF LEGAL POLICY**<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530, | Civil Action No. _____ |

1

**OFFICE OF INFORMATION POLICY**
United States Department of Justice
Sixth Floor
441 G Street NW
Washington, DC 20530,

**CRIMINAL DIVISION**
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530,

and

**UNITED STATES DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

      Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief by the Reporters Committee against the Office of the Attorney General at the United States Department of Justice ("OAG"), the Office of the Deputy Attorney General at the United States Department of Justice ("ODAG"), the Office of Legislative Affairs at the United States Department of Justice ("OLA"), the Office of Public Affairs at the United States Department of Justice ("OPA"), the Office of Legal Policy at the United States Department of Justice ("OLA"), the Office of Information Policy at the United

States Department of Justice ("OIP"), the Criminal Division at the United States Department of Justice ("Criminal Division"), and the Department of Justice ("DOJ) (collectively, "Defendants").

2. By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records pertaining to changes to DOJ's news media guidelines. The Reporters Committee is statutorily entitled to the disclosure of these records and Defendants have improperly withheld them in violation of FOIA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records. The Reporters Committee is located in Washington, D.C.

6. Defendant OAG is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OAG is a component of Defendant United States Department of Justice and is located in Washington, D.C.

3

7. Defendant ODAG is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. ODAG is a component of Defendant United States Department of Justice and is located in Washington, D.C.

8. Defendant OLA is an agency of the federal government within the meaning of 5 U.S.C. §552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OLA is a component of Defendant United States Department of Justice and is located in Washington, D.C.

9. Defendant OPA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OPA is a component of Defendant United States Department of Justice and is located in Washington, D.C.

10. Defendant OLP is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OLP is a component of Defendant United States Department of Justice and is located in Washington, D.C.

11. Defendant OIP is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OIP is a component of Defendant United States Department of Justice and is located in Washington, D.C.

12. Defendant Criminal Division is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession,

custody, and/or control of the records that Plaintiff seeks. The Criminal Division is a component of Defendant United States Department of Justice and is located in Washington, D.C.

13. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiffs seek. The DOJ's headquarters are located in Washington, D.C.

## FACTS

### The DOJ's News Media Policy

14. On April 25, 2025, Attorney General Pam Bondi issued a memorandum titled "Updated Policy Regarding Obtaining Information From, or Records Of, Members of the News Media" (hereinafter, the "Attorney General's Memorandum") announcing changes to the Department of Justice's news media guidelines, codified at 28 C.F.R. § 50.10.

15. Revisions to 28 C.F.R. § 50.10 were subsequently published in the Federal Register on May 2, 2025 (the "Updated Guidelines").

### Plaintiff's FOIA Requests

16. On May 9, 2025, Adam A. Marshall ("Marshall"), an attorney employed by the Reporters Committee, submitted a FOIA request to the OAG, ODAG, OLA, OPA, OLP, and OIP on behalf of RCFP (the "First Request"). A true and correct copy of the First Request is attached hereto as Exhibit 1 and is incorporated by reference.

17. In the First Request, RCFP sought access to and copies of the following records:

>1. The "updated version of Justice Manual § 9-13 400" referenced on page 4 of the Attorney General's Memorandum;
>
>2. Any record containing explanation, guidance, or interpretation of "sensitive information," as referenced on page 1 of the Attorney General's Memorandum;
>
>3. Any records that contain any explanation, guidance, interpretation, or implementation of the Attorney General's Memorandum;
>
>4. Records reflecting the Attorney General's "determin[ation] that the constraints imposed by the 2022 amendments to 28 CFR 50.10 have unduly hindered the Department's efforts to subpoena journalists who have coordinated with Federal employees to leak protected materials[,]" as referenced in the Discussion section of the Updated Guidelines publication;
>
>5. Records reflecting and/or consisting of the review of the Updated Guidelines by the Office of Management and Budget, as referenced in the Regulatory Certifications section of the Updated Guidelines;
>
>6. Any records that contain any explanation, guidance, interpretation, or implementation of the Updated Guidelines;
>
>7. All emails sent between January 20, 2025 and May 2, 2025, that discuss or reference potential or enacted modifications to 28 C.F.R. § 50.10;
>
>8. All emails that contain one or more of the following phrases or terms (not case sensitive):
>    a. "media policy";
>    b. "media subpoena";
>    c. "lawful newsgathering";
>    d. "clear and substantial"
>    e. "Privacy Protection Act";
>    f. "PPA"; or
>    g. "policy regarding obtaining information from, or records of, members of the news media";
>
>9. All electronic messages sent to or from

       (i) Attorney General Pam Bondi;
       (ii) Deputy Attorney General Todd Blanche; or
       (iii) Assistant Attorney General Aaron Reitz,
that contain one or more of the following phrases or terms:
    a. "media policy";
    b. "media subpoena";
    c. "50.10";
    d. "lawful newsgathering";
    e. "clear and substantial"
    f. "Privacy Protection Act"; or
    g. "PPA",
as well as the 20 messages that chronologically precede and the 20 messages that chronologically succeed such electronic message(s);

10. All emails and electronic messages between a member of OAG, ODAG, OLA, OPA, OLP, or OIP, and a member of the Executive Office of the President, that contain one or more of the following phrases or terms:
    a. "media policy";
    b. "media subpoena";
    c. "50.10";
    d. "lawful newsgathering";
    e. "Privacy Protection Act"; or
    f. "PPA".

Ex. 1

18.    The First Request stated that unless otherwise specified, the date range for the requested records is January 20, 2025, to the date a search is conducted for the specific type of record at issue (inclusive). Ex. 1.

19.    The First Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 1.

20.    The First Request complied with all applicable regulations regarding the submission of FOIA requests.

21. On May 9, 2025, Marshall submitted a second FOIA request to the Criminal Division on behalf of the Reporters Committee (the "Second Request"). A true and correct copy of the Second Request is attached hereto as Exhibit 2 and is incorporated by reference.

22. In the Second Request, RCFP sought access to and copies of the following records:

> 1. Any records that contain any explanation, guidance, interpretation, or implementation of the Updated Guidelines;
>
> 2. All emails sent between January 20, 2025 and May 2, 2025, that discuss or reference potential or enacted modifications to 28 C.F.R. § 50.10;
>
> 3. All emails that contain one or more of the following phrases or terms (not case sensitive):
>    a. "media policy";
>    b. "media subpoena";
>    c. "lawful newsgathering";
>    d. "Privacy Protection Act";
>    e. "PPA"; or
>    f. "policy regarding obtaining information from, or records of, members of the news media";
>
> 4. All electronic messages sent to or from
>    (i) Matthew R. Galeotti (Head of Criminal Division);
>    (ii) Ashley Dugger (Director, Office of Enforcement Operations); or
>    (iii) Jeffrey S. Pollak (Principal Deputy Director, Off[i]ce of Enforcement Operations),[1]
>    that contain one or more of the following phrases or terms:
>    a. "media policy";
>    b. "media subpoena";
>    c. "50.10";
>    d. "lawful newsgathering";
>    e. "clear and substantial"
>    f. "Privacy Protection Act"; or
>    g. "PPA",

---

[1] The request included a typographical error that stated "Offence."

        as well as the 20 messages that chronologically precede and the 20 messages that chronologically succeed such electronic message(s);

        5. Any updated version(s) of the "News Media Policy Consultation" form that have been used since July, 2016, including the current version of the form. Please note that this sub-part only asks for blank copies of the form(s).

Ex. 2.

23. The Second Request stated that unless otherwise specified, the date range for the requested records is January 20, 2025, to the date a search is conducted for the specific type of record at issue (inclusive). Ex. 2.

24. The Second Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts and argument in support thereof.

25. The Second Request complied with all applicable regulations regarding the submission of FOIA requests.

### Defendants' Response to RCFP's Requests

26. On May 13, 2025, RCFP received an email from the Criminal Division regarding the Second Request (the "May 13 Email"). A true and correct copy of that email is attached hereto as Exhibit 3.

27. In the May 13 Email, the Criminal Division stated that "[y]our request has been received in this Office and is assigned file number CRM-302264749."

28. The May 13 Email asked for further information from RCFP. Ex. 3.

29. The next day, on May 14, 2025, Marshall responded to the May 13 Email. A true and correct copy of that email is attached hereto as Exhibit 4 and is incorporated by reference.

9

30. On June 5, 2025, RCFP received a letter from OIP regarding the First Request (the "June 5 Letter"). A true and correct copy of the that letter is attached hereto as Exhibit 5.

31. The June 5 Letter assigned the First Request Tracking Number FOIA-2025-04337.

32. The June 5 Letter did not identify a date on which a determination on the First Request was expected to be provided.

33. On June 11, 2025, Marshall responded to the June 5 Letter via email (the "June 11 Response"). A true and correct copy of the June 11 Response (without attachment) is attached hereto as Exhibit 6 and is incorporated by reference.

34. On June 12, 2025, OIP responded to the Reporters Committee's June 11 Response (the "June 12 Reply"). A true and correct copy of that email is attached hereto as Exhibit 7.

35. As of the date of the filing of this Complaint, it has been approximately 49 days and 33 working days since RCFP submitted the First and Second Requests.

36. As of the date of the filing of this Complaint, RCFP has received no further communication from Defendants regarding either the First Request or the Second Request (collectively, the "Requests").

## CAUSES OF ACTION

### Count I
### Violation of FOIA for Failure to Comply with Statutory Deadlines
### (All Defendants)

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

38. Defendants are agencies subject to FOIA.

39. By the Requests, Plaintiff properly asked for records within the possession, custody and/or control of Defendants.

40. Defendants failed to make a determination with respect to the Requests within the timeframe required by FOIA. 5 U.S.C. § 556(a)(6)(A).

41. Defendants' failure to provide a determination with respect to the Requests is a violation of FOIA.

42. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Requests. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

### Count II
### Violation of FOIA for Wrongful Withholding of Agency Records
### (All Defendants)

43. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

44. Defendants are agencies subject to FOIA.

45. By the Requests, Plaintiff properly asked for records within the possession, custody and/or control of Defendants.

46.　The Requests complied with all applicable regulations regarding the submission of FOIA requests.

47.　Defendants have not released any records or portions thereof in response to the Requests.

48.　Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Requests.

49.　Defendants have not identified whether or how release of the records sought by the Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

50.　Defendants have improperly withheld records responsive to the Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

51.　Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, the Reporters Committee respectfully requests that the Court:

(1) Issue a declaration that Defendants' failure to provide determinations with respect to the Requests within the required statutory deadline is a violation of FOIA;

(2) Order Defendants to each complete their search for records responsive to the Requests, and to issue determinations with respect to the Requests;

(3) Order Defendants to release all non-exempt records or portions thereof responsive to the Requests;

(4) Issue a declaration that RCFP is entitled to disclosure of the records responsive to the Requests;

(5) Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to RCFP's Requests;

(6) Award the Reporters Committee reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: June 27, 2025

Respectfully Submitted,

*/s/Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310